IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYRONE HENRY McMILLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GEO GROUP Inc., et al., )<br>)<br>Defendants. ) | No. CIV-12-1060-W |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights. Pursuant to an order by United States District Judge Lee W. West, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). **Before the Court is "Defendant GEO Group, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint" (ECF No. 84).** Plaintiff has responded, and thus the matter is at issue and ready for disposition. According to the Second Amended Complaint, Plaintiff is currently housed at Cimarron Correctional Facility in Cushing, Oklahoma. ECF No. 51. However, all of the events relevant to this action occurred while Plaintiff was incarcerated at the Lawton Correctional Facility (LCF) in Lawton, Oklahoma. ECF No. 82. For the reasons that follow, the undersigned recommends that the motion be **GRANTED.**

## I. BACKGROUND

Plaintiff's Second Amended Complaint contains two counts: Plaintiff first alleges that his rights under the Eighth Amendment were violated when he was housed in the same unit as several gang members who he believed posed a threat to his safety, and indeed attacked him on March 3, 2012. ECF No. 82:5, 82:7. He alleges that he warned Defendants Bernard, Taylor, Chester, and Castro that his placement in the same unit as this gang, known as the "Hoover Crips," was a threat to his personal safety. *Id.* at ECF No. 13:6. Plaintiff further alleges that there is a video and audio tape of an incident that occurred on December 29, 2011—providing further notice of the threat—and that Defendants Whitten, Butler, Jones, Plume, Harding, Taylor, and Benoit were all contacted by Plaintiff regarding this alleged threat to his safety or were otherwise aware of his concerns. In Count II, Plaintiff alleges that his right to equal protection under the Fourteenth Amendment was violated in some unidentified way. ECF No. 82:5.

The undersigned has made two previous recommendations regarding Plaintiff's claims against Defendant GEO. It was first recommended that Plaintiff's claims against Defendant GEO as contained in the First Amended Complaint be dismissed. ECF No. 60. The undersigned next recommended that the Second Motion to Dismiss of Defendant GEO Group, Inc., Defendant Bernard, and Defendant Taylor, ECF No. 71, be denied. ECF No. 80. The basis for the motion was that Plaintiff did not submit his Second Amended Complaint within the time period established in the Order of Judge West

dated September 17, 2013. ECF No. 80. The motion now before the Court goes to the merits of the Second Amended Complaint.

## II. DISCUSSION

In its most recent motion to dismiss, Defendant GEO Group Inc. (GEO), argues that although Plaintiff includes its name in the caption of this case, he has failed to make any allegations against it. Plaintiff's reply does not specifically address the basis of GEO's motion to dismiss; Plaintiff only argues that because Defendant GEO operates the prison facility where Plaintiff was housed at the relevant time, it is liable for the alleged constitutional violations. EFC No. 87:3-4. He adds that GEO's "awareness of general risk of gang-related violence" supports his claim. *Id.*

### A. Standard Governing Motions to Dismiss

Traditionally, a complaint was subject to Rule 12(b)(6) dismissal for failure to state a claim upon which relief could be granted if "it appear[ed] beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), *abrogated by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). In *Twombly*, the Supreme Court remarked that this phrase is "best forgotten as an incomplete, negative gloss on an accepted pleading standard" that "has earned its retirement." *Twombly*, 550 U.S. at 563. In its place, the Court articulated a new "plausibility" standard for reviewing Rule 12(b)(6) motions to dismiss; a complaint must include "enough facts to state a claim to relief that is

3

plausible on its face." *Id.* at 570; *accord Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "Rather than adjudging whether a claim is 'improbable,' factual allegations in a complaint must be enough to raise a right to relief above the speculative level.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 555) (evaluating pro se prisoner complaint under plausibility standard).

"Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

**B. Analysis**

In the caption of his Second Amended Complaint, Plaintiff lists several defendants, including "GEO Group, Inc.." ECF No. 82:1. He again mentions Defendant GEO in the Second Amended Complaint's jurisdictional section, identifying it as a company incorporated in Florida and with its principal place of business in Boca Raton, Florida. ECF No. 82:1. He also states that GEO employs the other named Defendants. *Id.* ECF 82:3-4. However, Plaintiff makes no allegation in the Second Amended Complaint as to either Defendant GEO's conduct, or how its conduct violated his constitutional rights.

4

The general rule is that "the title of the action shall include the names of all the parties," Fed. R. Civ. P. 10(a), and in a pro se case the court may look to the body of the complaint to determine the identity of the intended defendants when such is unclear from the caption. *Trackwell v. United States*, 472 F.3d 1242, 1243–44 (10th Cir. 2007) (citing *Johnson v. Johnson*, 466 F.3d 1213, 1215–16 (10th Cir. 2006)). However, this case presents the opposite problem—Plaintiff identifies Defendant GEO in the caption and in his jurisdictional statement, and states that it employs the other Defendants, but makes absolutely no allegations against it.

The Tenth Circuit has held that a complaint must contain either direct or inferential allegations of all material elements of a claim against each defendant. *Bryson v. Gonzales,* 534 F.3d 1282, 1286 (10th Cir. 2008). If not, the complaint has failed to meet *Twombly's* plausibility standard. *Id.* '[C]onclusory allegations that simply name the 'Defendants' generically" are not helpful in figuring out what facts Plaintiff means to allege about the conduct of GEO, and so he has failed to provide Defendant GEO with fair notice as to the basis of his claim or claims against it.

Moreover, a corporation such as GEO cannot incur liability under Section 1983 based solely on its contractual relationship with the state. *See Holly v. Scott*, 434 F.3d 287, 293 (4th Cir. 2006) ("To be sure, GEO, like a great many private corporations, does business under contract with the government. But this is not by itself enough to subject it to constitutional liability, let alone to create such liability for its individual private

employees.") (citation omitted). Even if the other Defendants were to be found liable for some violation of Plaintiff's constitutional rights, such liability would not automatically extend to their employer, GEO. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) ("a private actor 'cannot be held liable solely because it employs a tortfeasor - or, in other words . . . cannot be held liable under § 1983 on a respondeat superior theory'"); *see also Carey v. Lawton Correctional Facility*, 2008 WL 200053, at *1,3 (W.D. Okla. Jan. 24, 2008) ("As a private corporation, Defendant Geo Group, Inc., cannot be vicariously liable under 42 U.S.C. § 1983." (citation omitted)). Instead, GEO Corporation would incur liability under § 1983 only if an unconstitutional policy or custom had existed. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1215-17 (10th Cir. 2003) (holding that a private entity can only be held liable under Section 1983 if it had a policy that was the direct cause or moving force behind the constitutional violations). Defendant GEO contends that Plaintiff's own allegations show that GEO's policy does indeed preclude the acts about which he complains.

## RECOMMENDATION

In light of the foregoing, it is recommended that **Defendant GEO Group, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. 84, be GRANTED.** The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections must be filed with Clerk of the District Court by **September 2, 2014.** The

parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This report and recommendation **does not dispose of all issues** referred to the undersigned Magistrate Judge in this matter.

**ENTERED** on August 14, 2014.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE