IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYRONE HENRY McMILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. CIV-12-1060-W |
| v. | ) |
| | ) |
| GEO GROUP Inc., et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights. Pursuant to an order by United States District Judge Lee W. West, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

Before the Court is the **Motion for Summary Judgment of Defendants Whitten, Butler, Plume, Harding, Jones, Benoit, Castro, Bernard, and Taylor, ECF No. 93.** For the reasons explained below, the undersigned recommends that it be **GRANTED.**

## I. BACKGROUND

Plaintiff's Second Amended Complaint contains two counts: Plaintiff first alleges that his rights under the Eighth Amendment were violated when he was housed in the same unit as several gang members who he believed posed a threat to his safety, and

that he was attacked in that unit on March 3, 2012. ECF No. 82:5, 82:7. He alleges that he warned Defendants Bernard, Taylor, Chester, and Castro that his placement in the same unit as this gang, known as the "Hoover Crips," was a threat to his personal safety. *Id.* Plaintiff further alleges that there is a video and audio tape of an incident that occurred on December 29, 2011—providing further notice of the threat—and that Defendants Whitten, Butler, Jones, Plume, Harding, Taylor, and Benoit were all contacted by Plaintiff regarding this alleged threat to his safety or were otherwise aware of his concerns.

In Count II, Plaintiff alleges that his right to equal protection under the Fourteenth Amendment was violated in some unidentified way. ECF No. 82:5.

## II. STANDARD GOVERNING MOTIONS FOR SUMMARY JUDGMENT

Summary judgment may be granted only where the pleadings and any supporting documentary materials show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party. *Calhoun v. Gaines,* 982 F.2d 1470, 1472 (10th Cir. 1992); *Manders v. State,* 875 F.2d 263, 264 (10th Cir. 1989). A dispute is "genuine," when viewed in this light, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986). "Material facts" are "facts that might affect the outcome of the suit under the governing law." *Id.*

To obtain summary judgment, the moving party need not affirmatively negate the nonmovant's claims. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986). Rather, the moving party initially bears the burden only of "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Once the moving party has satisfied this burden, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact. *Id.* at 324.

These facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Celotex,* 477 U.S. at 324. In *Thomas v. IBM,* 48 F.3d 478 (10th Cir. 1995), the Tenth Circuit Court of Appeals explained that the *form* of evidence produced by a nonmoving party at summary judgment may not need to be admissible at trial, but "the *content or substance* of the evidence must be admissible." *Id.* at 485 (emphasis added). Rule 56 expressly prescribes that a summary judgment affidavit must "be made on personal knowledge, set forth facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ .P. 56(e)(1); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2727, at 497–98 (3d ed. 1998) ("Material that is inadmissible will not be considered on a summary-judgment motion because it would not establish a genuine issue of material fact if offered at trial and continuing the action would be useless."). *Johnson v. Weld Cnty., Colo.*, 594 F.3d 1202, 1210 (10th Cir. 2010).

Moreover, self-serving affidavits without support in the record do not create an issue of fact. *Murray v. City of Sapulpa,* 45 F.3d 1417, 1422 (10th Cir. 1995); *Stevens v. Barnard,* 512 F.2d 876, 879 (10th Cir. 1975) ("[G]eneralized, conclusory, unsubstantiated, non-personal affidavits are insufficient to successfully oppose a motion for summary judgment."); *American Exp. Financial Advisors, Inc. v. Topel,* 38 F.Supp.2d 1233, 1242 (D. Colo. 1999) (noting that conclusory allegations not supported by specific facts cannot defeat a properly supported motion for summary judgment).

### III. DISCUSSION

The motion for summary judgment of Defendants Whitten, Butler, Plume, Harding, Jones, Benoit, Castro, Bernard, and Taylor centers on three things. First, that Plaintiff has failed to exhaust his administrative remedies; second, that Plaintiff has not come forward with evidence showing a violation of his Eighth Amendment rights; and third, that the undisputed facts show no violation of Plaintiff's right under the Equal Protection Clause of the Fourteenth Amendment.

**A. Undisputed Facts**

Based upon the pleadings, motions, and exhibits appended thereto, the undersigned finds the following facts to be undisputed. Facts that are not supported by the record, are conclusory, or amount to a legal conclusion have been omitted from this finding. Disputed facts that are not material to a determination have also been excluded. The undersigned will explain such an omission in the discussion where necessary. However, the undersigned has thoroughly reviewed the record herein, and a

4

failure to set forth the specific reason why any particular fact was not taken as undisputed does not reflect that such was not carefully considered in light of the standard set forth above and the issue to which it pertains.

Plaintiff was incarcerated at the Lawton Correctional Facility (LCF) at all relevant times; the parties agree that he was housed at LCF from November 2010 to August 2012. ECF No. 91-1. During his incarceration at LCF, Plaintiff was involved in two physical altercations with other offenders. The first occurred on December 29, 2011, and resulted in misconduct offense reports for the five offenders involved. ECF No. 93:7-8. Plaintiff pleaded guilty to his misconduct conviction, stating only that "I wasn't fighting." ECF No. 93-27:2.

While Plaintiff was still in segregation pending disciplinary action, he sent a request to staff (RTS) on January 24, 2012 to Defendant Bernard, asking to be transferred to a new facility. ECF No. 93-16:2. Plaintiff gave no reason why he wanted his transfer, but the response to the RTS shows that Plaintiff met with his case manager three days later and agreed to be moved to units 5 or 6. *Id.* ("You told me on 1/27/12 that you would accept housing on house 5 or 6"). Immediately thereafter, Plaintiff requested return to the general population; contrary to his description of the agreement as limited to units 5 or 6, he signed a transfer form agreeing to be moved—the intra facility assignment form clearly shows Plaintiff is being moved to "4E216" (unit four). ECF Nos. 93-18, 93-21.

About one month later, there was an altercation in unit four. Plaintiff claims that he was outnumbered by members of the "Hoover Crips." None of those involved in the first altercation were involved in that of March 3, 2012. ECF Nos. 93-1; 93-22:2-3.

Prior to his arrival at LCF, Plaintiff had made use of the ODOC protective custody policy. ECF No. 93-15:2. That policy allows an offender to initiate segregation. ECF No. 93-14:2. Plaintiff did not seek protective custody while at LCF. He was segregated pending resolution of his misconduct offense. ECF No. 93:10.

The only evidence Plaintiff has come forward with in an attempt to show that the Defendants were aware of any risk is the RTS requesting transfer addressed to Defendant Bernard. ECF No. 93-16:2. However, the request did not mention safety concerns, and was discussed and resolved with Plaintiff according to Defendant Bernard's response. *Id.* Subsequent to that event, *Plaintiff* asked to be returned to the general population, and signed a transfer order showing transfer from segregation to the unit he was assigned to at the time of the March altercation. ECF No. 93-21:2.

Plaintiff's declaration that he spoke to several Defendants with regard to safety concerns is conclusory. There is no specificity as to these encounters. If Plaintiff desired protective custody he knew how to request it, as he had successfully done so in the past. He did not do so at LCF. *BancOklahoma Mortgage Corp. v. Capital Title Co.,* 194 F.3d 1089, 1101 (10th Cir. 1999) (An affidavit is an appropriate vehicle to establish a fact for summary judgment purposes, but "the affidavit must set forth facts," not

6

"sweeping, conclusory statements that do not mention any single transaction, date or person."); *Hall v. Bellmon,* 935 F.2d 1106, 1111 (10th Cir. 1991) (The affidavits of a party opposing summary judgment must "set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient"). Plaintiffs allegations in his own declaration are simply too conclusory to support an inference that any prison official was aware that his safety was at risk in unit four.

In addition to Plaintiff's own ambiguous statements, he proffers the conclusory statement that another offender, Michael Taylor, allegedly "had to get the attention" of Defendant Harding who Plaintiff alleges "neglected to aid[] the call back" while he was being attacked for approximately fifteen minutes. ECF No. 89:5.

After the December 2011 incident, the Serious Incident Report specifically referred the incident to the Security Threat Group (STG). ECF No. 93-1:2. Plaintiff's claim that there was no STG investigation is conclusory and not supported by the evidence he has offered. He certainly did not provide any information regarding a security threat during his request to staff for a transfer to another facility, or his request to be returned to general population and written acknowledgement of his placement in unit four.

Plaintiff has failed to show any disparity in the treatment of the offenders following the fight(s).

Plaintiff has never filed a grievance regarding failure to protect him or for violation of his equal protection rights. The only thing fully grieved by Plaintiff was the issue of property allegedly lost—and that claim is no longer part of this action.

**B. Failure to Exhaust Administrative Remedies**

Defendants contend that the undisputed facts show that Plaintiff has failed to exhaust his administrative remedies. ECF No. 93:11. They claim that Plaintiff only filed one formal grievance, and that was with regard to a property claim that is no longer pending herein. *See* ECF No. 66:2 (granting partial summary judgment as to Plaintiff's claim for loss of property because of Oklahoma's post-deprivation remedy for the alleged loss of Plaintiff's property). Moreover, even that grievance was not exhausted because Plaintiff failed to appeal the denial. ECF No. 93:11.

Plaintiff makes no response to Defendants' claim that he has failed to exhaust his administrative remedies with regard to his claims under the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment. *See* ECF No. 95. As such, he obviously raises no question of fact as to this issue.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The "PLRA exhaustion requirement requires proper exhaustion." *Woodford v.*

*Ngo,* 548 U.S. 81, 93 (2006). To properly exhaust administrative remedies, a prisoner must "complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock,* 549 U.S. 199, 218, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

Taking some, but not all, of the steps in the grievance process does not constitute proper exhaustion; "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Thomas v. Parker,* 609 F.3d 1114, 1118 (10th Cir. 2010). The doctrine of substantial compliance does not apply. *Id; Chapman v. Lampert*, 555 F. App'x 758, 761 (10th Cir. 2014).

The moving Defendants have attached a copy of the applicable grievance procedure to their motion for summary judgment. ECF No. 93-24:2-21. The policy clearly requires steps that were not taken by Plaintiff in light of the undisputed facts and what is, in effect, his concession that he did not exhaust his administrative remedies. Accordingly, it is recommended that Defendants' motion for summary judgment be granted on grounds that Plaintiff has failed to comply with the Prison Litigation Reform Act.

### C. Alternative Recommendation on the Merits

The undersigned believes that the law is clear regarding the effect of Plaintiff's failure to exhaust his administrative remedies on this action. However, if there were any

question as to exhaustion, Plaintiff's claims would nonetheless fail for the following reasons.

### 1. Eighth Amendment-Failure to Protect

A claim of failure to protect is evaluated under the deliberate indifference standard of *Estelle v. Gamble,* 429 U.S. 97 (1976), as reiterated in *Wilson v. Seiter,* 501 U.S. 294 (1991). The test for deliberate indifference under the Eighth Amendment is well established in the Tenth Circuit and has "both an objective and a subjective component." *Sealock v. Colorado,* 218 F.3d 1205, 1209 (10th Cir. 2000). The objective component of the test is met if the harm suffered is "sufficiently serious" to implicate the Cruel and Unusual Punishment Clause. *Wilson,* 501 U.S. at 298; *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). To satisfy this component, the inmate must show that she was incarcerated under conditions posing a substantial risk of serious harm. The subjective component "is met if a prison official 'knows of and disregards an excessive risk to inmate health or safety.'" *Sealock,* 218 F.3d at 1209 (quoting *Farmer,* 511 U.S. at 837). Under this component, the inmate must establish that prison officials had a sufficiently culpable state of mind in allowing the deprivation to take place. *Wilson,* 501 U.S. at 302–03; *Reynolds,* 370 F.3d at 1031; *Verdicia v. Adams,* 327 F.3d 1171, 1175 (10th Cir.2003) (quoting *Benefield v. McDowall,* 241 F.3d 1267, 1271 (10th Cir. 2001)). To be liable for unsafe conditions of confinement the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he (or she) must also draw the inference." *Farmer,* 511 U.S. at

837; *Gonzales v. Martinez,* 403 F.3d 1179, 1186 (10th Cir. 2005). Both components must be satisfied. *Callahan v. Poppell,* 471 F.3d 1155, 1159 (10th Cir. 2006).

Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers,* 475 U.S. 312, 319 (1986). "Mere negligence does not constitute deliberate indifference." *Smith v. Cummings,* 445 F.3d 1254, 1258 (10th Cir.2006); *see Board of County Commissioners v. Brown,* 520 U.S. 397, 407–10 (1997) (A higher standard is required than simple negligence or heightened negligence). Thus, negligent failure to protect inmates from assaults by other inmates is not actionable under the Eighth Amendment. *Farmer,* 511 U.S. at 835. *An official's failure to alleviate a significant or obvious risk that she should have perceived but did not, "while no cause for commendation," does not constitute a violation of the Eighth Amendment. Id.* at 838 (emphasis added).

The undersigned finds that Plaintiff has failed to come forward with any facts to establish a culpable state of mind on the part of any moving Defendant. At best, Plaintiff's allegations can be characterized as his belief that the Defendants should have known of a risk to his safety. However, even if such were the case, Plaintiff must show that they did actually know of the risk and yet with deliberate indifference failed to protect Plaintiff.

It was Plaintiff who first requested a facility transfer, and then signed a form acknowledging that he was to be returned to the LCF general population in unit four. There is nothing but Plaintiff's conclusory allegations that he spoke to various staff

11

members during unit walkthroughs about any safety concerns while housed there. The moving Defendants have shown that Plaintiff cannot establish that prison officials had a sufficiently culpable state of mind in allowing the March 2012 altercation to take place. *Wilson,* 501 U.S. at 302–03; *Reynolds,* 370 F.3d at 1031; *Verdicia v. Adams,* 327 F.3d 1171, 1175 (10th Cir. 2003) (quoting *Benefield v. McDowall,* 241 F.3d 1267, 1271 (10th Cir. 2001)). To be liable for unsafe conditions of confinement, the plaintiff must satisfy both components with regard to each Defendant. *Callahan v. Poppell,* 471 F.3d 1155, 1159 (10th Cir. 2006). The undisputed facts show no genuine issue regarding the subjective component, and the moving Defendants are entitled to summary judgment on Plaintiff's claim under the Eighth Amendment.

And with regard to Defendant Harding, the undersigned previously dismissed Plaintiff's claims against her in that even a liberal construction of Plaintiff's allegations show only that Defendant Harding acted negligently in responding to the altercation of March 3, 2012. However, he was given leave to amend in an attempt to cure this deficiency. The allegations against her remain insufficient, and now the undisputed facts show that Plaintiff's Eighth Amendment claim against Defendant Harding cannot be sustained. Thus, she is entitled to summary judgment on Plaintiff's claims against her.

**2. Equal Protection**

Plaintiff also claims that his right to equal protection under the Fourteenth Amendment was violated by LCF's decisions with regard to unequal punishment of the

12

offenders involved in the two altercations. First, Plaintiff has failed to come forward with any evidence that offenders involved in either fight received discipline different from that of Plaintiff, or that they were provided some sort of preferential treatment.

Second, and most importantly, such a showing would not support Plaintiff's claim for an equal protection violation. The Equal Protection Clause is violated when the government discriminates between similarly-situated individuals. *Penrod v. Zavaras,* 94 F.3d 1399, 1406 (10th Cir. 1996) (per curiam). Though Plaintiff invokes this clause, he relies on suspicion that others were given lighter or no penalties; this does not contain enough factual content to suggest a plausible equal-protection claim.

Furthermore, Plaintiff does not allege any facts that would suggest *similarities* to other prisoners—named or unnamed—who were treated more favorably. These omissions are fatal to the equal-protection claim. *See Templeman v. Gunter,* 16 F.3d 367, 371 (10th Cir. 1994) (concluding that a prisoner's equal-protection claim was frivolous because of the inability to allege similarities "in every relevant respect" to other inmates who were classified more favorably); *see also Fogle v. Pierson,* 435 F.3d 1252, 1260–61 (10th Cir. 2006) (a prisoner's equal-protection claim, based on a difference in the length of administrative detention, was frivolous because it was not plausible to suggest identical circumstances with other inmates who were treated more favorably). As a result, the moving Defendants are entitled to summary judgment on Plaintiff's equal-protection claim.

## RECOMMENDATION

In light of the foregoing, it is recommended that the **Motion for Summary Judgment of Defendants Whitten, Butler, Plume, Harding, Jones, Benoit, Castro, Bernard, and Taylor, ECF No. 93, be GRANTED.** The parties are advised of their right to file specific written objections to this Report and Recommendation. See 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections must be filed with Clerk of the District Court by **September 2, 2014.** The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This report and recommendation **does not dispose of all issues** referred to the undersigned Magistrate Judge in this matter.

**ENTERED** on August 15, 2014.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE