**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **TYRONE HENRY McMILLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. CIV-12-1060-W** |
| **v.** | ) | |
| | ) | |
| **GEO GROUP Inc., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights. Pursuant to an order by United States District Judge Lee W. West, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

Before the Court is **Plaintiff's Motion for Summary Judgment, ECF No. 88.** For the reasons explained below, the undersigned recommends that the motion be **DENIED.**

**I. BACKGROUND**

Plaintiff's Second Amended Complaint contains two counts: Plaintiff first alleges that his rights under the Eighth Amendment were violated when he was housed in the same unit as several gang members who he believed posed a threat to his safety, and that he was attacked in that unit on March 3, 2012. ECF No. 82:5, 82:7. He alleges that he warned Defendants Bernard, Taylor, Chester, and Castro that his placement in the

same unit as this gang, known as the "Hoover Crips," was a threat to his personal safety. *Id.* at ECF No. 13:6. Plaintiff further alleges that there is a video and audio tape of an incident that occurred on December 29, 2011—providing further notice of the threat—and that Defendants Whitten, Butler, Jones, Plume, Harding, Taylor, and Benoit were all contacted by Plaintiff regarding this alleged threat to his safety or were otherwise aware of his concerns.

In Count II, Plaintiff alleges that his right to equal protection under the Fourteenth Amendment was violated in some unidentified way. ECF No. 82:5.

## II. STANDARD GOVERNING MOTIONS FOR SUMMARY JUDGMENT

Summary judgment may be granted only where the pleadings and any supporting documentary materials show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party. *Calhoun v. Gaines,* 982 F.2d 1470, 1472 (10th Cir. 1992); *Manders v. State,* 875 F.2d 263, 264 (10th Cir. 1989). A dispute is "genuine," when viewed in this light, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986). "Material facts" are "facts that might affect the outcome of the suit under the governing law." *Id.*

To obtain summary judgment, the moving party need not affirmatively negate the nonmovant's claims. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986). Rather,

the moving party initially bears the burden only of "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Once the moving party has satisfied this burden, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact. *Id.* at 324.

These facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Celotex,* 477 U.S. at 324. In *Thomas v. IBM,* 48 F.3d 478 (10th Cir. 1995), the Tenth Circuit Court of Appeals explained that the *form* of evidence produced by a nonmoving party at summary judgment may not need to be admissible at trial, but "the *content or substance* of the evidence must be admissible." *Id.* at 485 (emphasis added). Rule 56 expressly prescribes that a summary judgment affidavit must "be made on personal knowledge, set forth facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2727, at 497–98 (3d ed. 1998) ("Material that is inadmissible will not be considered on a summary-judgment motion because it would not establish a genuine issue of material fact if offered at trial and continuing the action would be useless."). *Johnson v. Weld Cnty., Colo.*, 594 F.3d 1202, 1210 (10th Cir. 2010).

Moreover, self-serving affidavits without support in the record do not create an issue of fact. *Murray v. City of Sapulpa,* 45 F.3d 1417, 1422 (10th Cir. 1995); *Stevens v.*

*Barnard,* 512 F.2d 876, 879 (10th Cir. 1975) ("[G]eneralized, conclusory, unsubstantiated, non-personal affidavits are insufficient to successfully oppose a motion for summary judgment."); *American Exp. Financial Advisors, Inc. v. Topel,* 38 F.Supp.2d 1233, 1242 (D. Colo. 1999) (noting that conclusory allegations not supported by specific facts cannot defeat a properly supported motion for summary judgment).

In this case, where the Plaintiff is moving for summary judgment, a court must be careful to apply the undisputed facts in the context of the movant's burden of proof:

> Thus, in ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden. This conclusion is mandated by the nature of this determination. The question here is whether a jury could reasonably find either that the plaintiff proved his case by the quality and quantity of evidence required by the governing law or that he did not. Whether a jury could reasonably find for either party, however, cannot be defined except by the criteria governing what evidence would enable the jury to find for either the plaintiff or the defendant: It makes no sense to say that a jury could reasonably find for either party without some benchmark as to what standards govern its deliberations and within what boundaries its ultimate decision must fall, and these standards and boundaries are in fact provided by the applicable evidentiary standards.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### III. DISCUSSION

Plaintiff's motion for summary judgment comprises four parts: the motion itself, ECF No. 88; a statement of undisputed facts, ECF No. 89; Plaintiff's declaration in support of the motion, ECF No. 90; and a brief in support, ECF No. 91. He moves for

summary judgment against Defendants GEO Group, Inc., Chester, Whitten, Butler, Plume, Harding, Jones, Benoit, Castro, Be[r]nard, and Taylor. ECF No. 88.

**A. Preliminary Matters**

Before proceeding, the undersigned addresses four preliminary matters. First, it is noted that Plaintiff has failed to show that the summons and pleading were served on **Defendant Claude Chester**. For that reason, **Plaintiff's motion for summary judgment against Defendant Chester should be DENIED.** By separate order, the undersigned will permissibly extend Plaintiff's time to serve Defendant Chester, and warn Plaintiff that a failure to show service on Defendant Chester can lead to dismissal of Plaintiff's claims against him. Fed. R. Civ. P. 4(m).

Second, prior to Plaintiff's motion for summary judgment, **Defendant GEO Group, Inc.** filed a motion to dismiss. ECF No. 84. The undersigned recommended that the motion be granted, and the Report and Recommendation is now pending. ECF No. 99. Accordingly, it is recommended that **Plaintiff's motion for summary judgment against Defendant GEO Group, Inc. be DENIED, but without prejudice to his right to renew it if the pending Report and Recommendation is not granted.**

Third, before turning to Plaintiff's motion, the undersigned finds Plaintiff's allegation that he is entitled to summary judgment against Defendants Whitten, Butler, Plume, Jones, Benoit, or Castro because they "did not challenge" the allegations in Count I of the Second Amended Complaint to be meritless. ECF No. 89:1. He claims that if a defendant's answer does not respond to one of the factual paragraphs in the

complaint, it is taken as admitted under Fed. R. Civ. P. 8(b)(6). ECF No. 91:9. The Court's record shows that the Defendants named above, and who have been served, have answered and completely denied the allegations of the Second Amended Complaint, with two exceptions: the court has jurisdiction; and a physical altercation occurred involving Plaintiff. ECF No. 85.

Fourth, the undersigned recently entered a Report and Recommendation recommending that the Motion for Summary Judgment of Defendants Whitten, Butler, Plume, Harding, Jones, Benoit, Castro, Bernard, and Taylor. ECF No. 100. Although Defendants' motion was filed after that of Plaintiff, Defendants' motion was in compliance with the Local Civil Rule 56.1, making it easier to perform the required analysis under Fed. R. Civ. P. 56. Plaintiff's motion for summary judgment and accompanying documents were also considered in reaching the recommendation that the above-listed Defendants' motion should be granted. If Plaintiff fails to come forward with evidence to avoid summary judgment on his claims, he obviously cannot show that *he* is entitled to summary judgment on those same claims.

That being said, this Report and Recommendation is intended to explain the undersigned's treatment of Plaintiff's motion for summary judgment—particularly the allegedly undisputed facts upon which it relies.

**B. Plaintiff's Statement of Undisputed Facts**

The undersigned will now turn to the undisputed facts offered by Plaintiff in support of his motion. Plaintiff claims that it is routine practice to remove prisoners

charged with a serious disciplinary offense to segregated housing. The Defendants object on grounds that Plaintiff failed to cite to the record in support of this fact. The undersigned notes that Plaintiff's declaration states that he is aware of this fact through observation. ECF No. 90:4. However, even if Plaintiff has supported this fact, the undersigned does not find it material to the issues raised herein.

Plaintiff next claims that it undisputed that two offenders also involved in the altercation of December 29, 2011, "Miller" and "Way," were not charged with a disciplinary offense. The documents submitted by Defendants show no offender named "Way" involved in the fight; however, there is one named "McCray"—who pleaded guilty, as did Plaintiff. ECF No. 25-22:3. Plaintiff has failed to come forward with any facts supporting a claim that the two men he names were involved in the fight, were similarly-situated to him, and were not charged with a disciplinary offense.

Plaintiff claims it is undisputed that Defendants Jones, Benoit, Butler, Chester, and Whitten failed to investigate the "security threat group," Hoover Crip Gang threat to Plaintiff, prior to the attack of March 3, 2012. However, Plaintiff fails to cite anything in the record supporting this conclusory allegation. The premise of the fact is also without foundation; Plaintiff has failed to show that he presented any information as to a threat against Plaintiff by the Hoover Crips. Any allegation to the contrary is conclusory, and utterly devoid of specificity. On the other hand, documents either initiated by or signed by Plaintiff during this same time period are directly contrary to

his claim that staff had been informed--in particular, Plaintiff's request to be reassigned to the very unit where the March 2012 altercation took place.

Plaintiff also claims the following to be undisputed: The failure of Defendants Jones, Benoit, Butler, Chester, Whitten, and Castro to enforce policies that would have prevented harm to the Plaintiff. ECF No. 89:2. The undersigned agrees with Defendants that this appears to be a legal allegation, not a fact. Furthermore, Plaintiff's failure to come forward with evidence other than his self-serving declarations regarding the Defendants' awareness of the threat undermines the fact if it is offered as such.

Next, Plaintiff claims that all Defendants named in the Complaint knew of a risk to the Plaintiff's safety. Even if some Defendants knew that Plaintiff had been involved in an altercation, such does not translate to knowledge of a future risk in the absence of some indication by Plaintiff.

Plaintiff claims as undisputed: Failure to protect Plaintiff from by (SIG) Hoover Crip Gang members. ECF No. 89:2. This is not a fact: it is an allegation or a legal conclusion.

Plaintiff claims that Defendants Geo Group Inc., Chester, Whitten, Butler, Bernard, Taylor, Plume, Jones, Benoit, Castro, and Harding were aware of a risk to Plaintiff by their "official's receipt of an serious incident report ... dated December 29, 2011," and Defendant Bernard received a request to staff from Plaintiff asking for facility transfer dated January 24, 2012. Once again, the fact of the first altercation on

December 29, 2011, is not disputed. There is a report, and a summary of closed-circuit camera footage. The report in question requests referral to and follow up by the security threat group. There is no mention of the Hoover Crips Gang in the Serious Incident Report, and none of the offenders were identified as affiliated with any gang. ECF No. 93-1:2. As previously noted, by virtue of the facility transfer request completed by Plaintiff, ECF No. 93-16:2, he was aware of the availability of protective custody. had In fact, Plaintiff had successfully used it to be transferred off of a yard at another facility due to threats from the Aryan Brotherhood. ECF No. 93-15.

Offered as an undisputed fact, Plaintiff states: "Defendants failure to screen for gang involvement and keep separate during the time." ECF No. 89:4. Once again, this is not worded as a fact, and is not specific enough to show that such happened in Plaintiff's case. Plaintiff claims to have known that he was being threatened by the Hoover Crips Gang.

Plaintiff's tenth undisputed fact, ECF No. 89:4, is that Defendants Whitten, Chester, Butler, Plume, Benoit, Bernard, Taylor, Castro, Harding, and Jones were aware of the conflict between Plaintiff and the Hoover Crip Gang, and Plaintiff was transferred to Defendant Plume's unit as a result of a gang related conflict in December 2011. The documents, signed or authored by Plaintiff, show that he agreed to be moved from segregation to unit four. The same is true of his next offered fact: that Defendants Chester, Whitten, and Butler approved Plaintiff's release from "lock up" and placement

9

that resulted in Plaintiff's assault on March 3, 2012. ECF No. 89:4. Plaintiff's fact is partially correct; but he omits that he requested release to general population, and even the approval for transfer to unit four. ECF Nos. 93-18:2, 93-21:2.

Plaintiff claims that the March 2012 attack caused serious physical injuries, and involved the Hoover Crip Gang who used knives, bricks, and other weapons; and the incident was recorded from closed circuit television. The fact of the March 2012 altercation is not disputed. Defendants claim no weapons were found, but Plaintiff did require hospital treatment. ECF No. 93-22. There is no mention of the Hoover Crips Gang in the Serious Incident Report. *Id.*

Plaintiff claims that the "Hoover Crip Gang" (STG) in unit housing four—to which Plaintiff was transferred out of segregation—outnumbered Plaintiff by twelve to one, putting Plaintiff at substantial risk to his safety. ECF No. 89:5. Whether this were true or not, the substantive inquiry is whether the Defendants both knew and deliberately disregarded a risk to Plaintiff's safety in placing him in unit four. Plaintiff requested general population; and he signed an approval for assignment to unit four.

Plaintiff claims it is undisputed that he is a "known (STG) documented." ECF No. 89:5. Although Plaintiff offers nothing to show that the named Defendants were aware of his gang affiliation, the undersigned notes that Plaintiff's request for protective custody at another facility indeed states that he is a retired Crips. ECF No. 93-15:3. However, without more this does not show that the Defendants were aware of a risk to Plaintiff's safety.

Plaintiff states it is undisputed that Plaintiff was moved to a unit that included "many" of the same inmates involved in the December 2011 altercation. However, he does not identify any of them by name. Defendant also notes that none of the same inmates were involved in the attack. Of course this would not exclude the possibility that affiliates of those previously involved in the December 2011 altercation were involved in the March fight. Plaintiff simply fails to offer any evidence.

Finally, Plaintiff states it is undisputed that another inmate had to get Defendant Harding's attention "who neglected to aide the call for back while I was being attacked by (STG) Hoover Crip's members for approximately fifteen minutes"; Plaintiff states that he locked himself in his own cell to get away from the attack and that all was recorded from closed circuit television. Defendant Harding states in her affidavit that she has no specific recollection of Plaintiff or the March 3, 2012 incident—although states that she does recognize her signature on the inventory of Plaintiff's belongings that same date. The undersigned finds any dispute on this point to be immaterial. At most, Plaintiff has alleged negligence on the part of Defendant Harding, which was the reason for an earlier dismissal, and the recent recommendation that she be granted summary judgment.

## C. Discussion

In the Report and Recommendation recommending that summary judgment be granted in favor of Whitten, Butler, Plume, Harding, Jones, Benoit, Castro, Bernard, and

Taylor, ECF No. 100, the undersigned set forth the law governing § 1983 claims based on a failure to protect in violation of the Eighth Amendment.

A claim of failure to protect is evaluated under the deliberate indifference standard of *Estelle v. Gamble,* 429 U.S. 97 (1976), as reiterated in *Wilson v. Seiter,* 501 U.S. 294 (1991). The test for deliberate indifference under the Eighth Amendment is well established in the Tenth Circuit and has "both an objective and a subjective component." *Sealock v. Colorado,* 218 F.3d 1205, 1209 (10th Cir. 2000). The objective component of the test is met if the harm suffered is "sufficiently serious" to implicate the Cruel and Unusual Punishment Clause. *Wilson,* 501 U.S. at 298; *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). To satisfy this component, the inmate must show that she was incarcerated under conditions posing a substantial risk of serious harm. The subjective component "is met if a prison official 'knows of and disregards an excessive risk to inmate health or safety.'" *Sealock,* 218 F.3d at 1209 (quoting *Farmer,* 511 U.S. at 837). Under this component, the inmate must establish that prison officials had a sufficiently culpable state of mind in allowing the deprivation to take place. *Wilson,* 501 U.S. at 302–03; *Reynolds,* 370 F.3d at 1031; *Verdicia v. Adams,* 327 F.3d 1171, 1175 (10th Cir.2003) (quoting *Benefield v. McDowall,* 241 F.3d 1267, 1271 (10th Cir. 2001)). To be liable for unsafe conditions of confinement the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he (or she) must also draw the inference." *Farmer,* 511 U.S. at

837; *Gonzales v. Martinez,* 403 F.3d 1179, 1186 (10th Cir. 2005). Both components must be satisfied. *Callahan v. Poppell,* 471 F.3d 1155, 1159 (10th Cir. 2006).

Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers,* 475 U.S. 312, 319 (1986). "Mere negligence does not constitute deliberate indifference." *Smith v. Cummings,* 445 F.3d 1254, 1258 (10th Cir.2006); *see Board of County Commissioners v. Brown,* 520 U.S. 397, 407–10 (1997) (A higher standard is required than simple negligence or heightened negligence). Thus, negligent failure to protect inmates from assaults by other inmates is not actionable under the Eighth Amendment. *Farmer,* 511 U.S. at 835. *An official's failure to alleviate a significant or obvious risk that she should have perceived but did not, "while no cause for commendation," does not constitute a violation of the Eighth Amendment. Id.* at 838 (emphasis added).

The undersigned finds that Plaintiff's motion for summary judgment does not establish undisputed facts necessary to show a culpable state of mind on the part of any of the named Defendants. Accordingly, Plaintiff's motion for summary judgment on his Eighth Amendment claim should be denied.

Plaintiff also claims that his right to equal protection under the Fourteenth Amendment was violated by LCF's decisions with regard to unequal punishment of the offenders involved in the two altercations. First, Plaintiff has failed to come forward with any evidence that offenders involved in either fight received discipline different from that of Plaintiff, or that they were provided some sort of preferential treatment.

13

Second, and most importantly, such a showing would not support Plaintiff's claim for an equal protection violation. The Equal Protection Clause is violated when the government discriminates between similarly-situated individuals. *Penrod v. Zavaras,* 94 F.3d 1399, 1406 (10th Cir. 1996) (per curiam). Though Plaintiff invokes this clause, he relies on suspicion that others were given lighter or no penalties; this does not contain enough factual content to suggest a plausible equal-protection claim.

## RECOMMENDATION

In light of the foregoing, it is recommended that the **Plaintiff's Motion for Summary Judgment, ECF No. 88 be DENIED.** The parties are advised of their right to file specific written objections to this Report and Recommendation. See 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections must be filed with Clerk of the District Court by **September 2, 2014.** The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri,* 595 F.3d 1120, 1123 (10th Cir. 2010).

This report and recommendation **does not dispose of all issues** referred to the undersigned Magistrate Judge in this matter.

**ENTERED** on August 15, 2014.



SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE