# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYRONE HENRY McMILLER, | ) |
| Plaintiff, | ) ) |
| | ) No. CIV-12-1060-W |
| v. | ) ) |
| GEO GROUP Inc., et al., | ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights. Pursuant to an order by United States District Judge Lee W. West, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The undersigned recommends that the Court dismiss Plaintiff's claims against Defendant Claude Chester without prejudice for failure to effect timely service of process.

On August 15, 2014, the Plaintiff was *sua sponte* granted thirty (30) days to serve Defendant Claude Chester. The Court Clerk's office mailed the Plaintiff an alias summons and USM-285 form along with the Order to Show Cause and Extension of Time to Serve Defendant Claude Chester, ECF No. 102. The Plaintiff had until September 15, 2014, to respond. The Plaintiff has neither filed proof of service nor shown cause for his failure to do so. In fact, the Plaintiff has failed to respond to the Order in any way.

Under Rule 4(m), if the defendant in a civil action is not served within 120 days after the complaint is filed, a district court generally has discretion to either dismiss the case or reasonably extend the time for service. *See Espinoza v. United States,* 52 F.3d 838, 840–41 (10th Cir. 1995). If Plaintiff shows good cause for the delay, however, the district court must extend the time to serve the defendant. *Id.* at 841. Thus—as the Tenth Circuit noted in *Espinoza*—a Rule 4(m) inquiry involves a two-step analysis: "The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service.... If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Id.*

The Tenth Circuit has extended the analysis of what constituted "good cause" under the pre–1993 amendment Rule 4(j) to the "good cause" inquiry under the post–1993 amendment Rule 4(m). *See In re Kirkland,* 86 F.3d 172, 176 (10th Cir. 1996) (citing *Despain v. Salt Lake Area Metro Gang Unit,* 13 F.3d 1436 (10th Cir. 1994)). "Good cause" can be shown by demonstrating a defendant evaded service, *see Cox v. Sandia Corp.,* 941 F.2d 1124, 1125 (10th Cir .1991), or some other "showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance with the time specified," *In re Kirkland,* 86 F.3d at 175 (citations omitted).

"A plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule." *In re Kirkland,* 86 F.3d at 176. A district court "is clearly

2

not compelled to accept a lesser 'excusable neglect' showing." *Id.* Thus, change of counsel, inadvertent oversight on the part of counsel, or inadequate performance of a process server form insufficient excuses for failure to effect service within the 120–day period. *See Cox,* 941 F.2d at 1125 (discussing cases); *Carlson v. Nat'l Petroleum, Inc.,* 135 F.R.D. 193, 195 (D. Colo. 1991).

Title 28 U.S.C. § 1915(d) states that when an individual is granted leave to proceed *in forma pauperis,* "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." Fed. R. Civ. P. 4(c)(3) dovetails with § 1915 and provides that the court must appoint a United States Marshal or Deputy Marshal to serve plaintiff's process if the plaintiff is authorized to proceed *in forma pauperis.* However, Plaintiff must work with the United States Marshals Service (USMS) to fulfill its duties. Plaintiff filed this action over two years ago and to date has yet to either serve Defendant Claude Chester or sufficiently explain his failure to do so. Accordingly the undersigned finds that Plaintiff has failed to demonstrate "good cause" for a mandatory extension of time.

The undersigned further finds that another permissive extension of time is not warranted. The Tenth Circuit Court of Appeals has noted that a permissive extension of time may be warranted "if the applicable statute of limitations would bar the refiled action," or where "policy considerations might weigh in favor of granting a permissive extension of time...." *Espinoza,* 52 F.3d at 842 (quotation and citation omitted). Additionally, as to pro se litigants, "[t]he district court should also take care to protect

3

pro se plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Id.* at 842 n .8 (quotation omitted).

The effect of any difficulty presenting an application for leave to proceed *in forma pauperis* has long since been ameliorated due to the time this action has now been pending. Although the statute of limitations governing Plaintiff's claims as he has presented them has expired,[1] Plaintiff's complaint was timely filed and so Oklahoma's savings statute will provide Plaintiff with an additional period of time to bring an action against Defendants if his claims herein are dismissed pursuant to Rule 4(m). *See* Okla. Stat. tit. 12, § 100; *Grider v. USX Corp.,* 847 P.2d 779, 783 (Okla. 1993) (noting that Okla. Stat. tit. 12, § 100 "applies to extend the limitations period regardless whether the dismissed suit was filed in state court or federal court sitting within the state of Oklahoma."); *Williams v. City of Guthrie,* No. 03–6212, 109 Fed. Appx. 283, 286 (10th Cir. Sept. 8, 2004) (applying Oklahoma savings statute to § 1983 claim filed in federal court). Therefore, there is no reason to grant a permissive extension on statute of limitations grounds. Also, there do not appear to be any other policy considerations that may warrant granting Plaintiff a permissive extension of time to serve Defendant Chester.

### RECOMMENDATION

In light of the foregoing, it is recommended that Plaintiff's cause of action against Defendant Claude Chester be **DISMISSED WITHOUT PREJUDICE** for failure

---

[1] *Meade v. Grubbs,* 841 F.2d 1512, 1524 (10th Cir.1988) (A two-year statute of limitations governs § 1983 claims arising out of conduct that occurred in Oklahoma).

4

to effect timely service of process. The parties are advised of their right to file specific written objections to this Report and Recommendation. See 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections must be filed with Clerk of the District Court by **October 23, 2014**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **disposes of all remaining issues** referred to the undersigned magistrate judge in this matter.[2]

ENTERED on October 6, 2014.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff's claims against the other remaining named Defendants were terminated by Judge West's orders on September 30, 2014. ECF Nos. 105, 106.